UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 19-11731 |
| | Section A |
| PROTOCOL LABS, INC. | CHAPTER 7 |

**MOTION TO LIFT STAY**

**NOW INTO COURT**, through undersigned counsel, comes Gulf Coast Bank and Trust, a secured creditor herein, who moves to lift the automatic stay with respect to its collateral, for the following reasons:

I.

Mover is the holder in due course and owner for valuable consideration before maturity of that certain promissory note (Note 1) dated May 18, 2016, in the principal amount of $300,000.00, with an initial interest rate of 5.604% executed by Protocol Labs, Incorporated. Copies of the original of said promissory note and resolution to borrow are attached hereto and made a part hereof.

II.

Mover is the holder in due course and owner for valuable consideration before maturity of that certain promissory note (Note 2) dated February 27, 2017, in the principal amount of $94,470.00, with an initial interest rate of 7.305% executed by Protocol Labs, Incorporated. Copies of the original of said promissory note and resolution to borrow are attached hereto and made a part hereof.

III.

The Promissory Notes are secured by a Multiple Indebtedness Mortgage (hereinafter the "Mortgage") executed by XCEL Air Conditioning Services, Inc., on May 18, 2016, passed before a Notary Public, recorded in the public records of the Parish of Livingston, at Instrument 869473. Copies of the Mortgage and resolutions to borrow are attached hereto and made a part hereof.

IV.

In the Mortgage, XCEL did specially mortgage, affect and hypothecate unto and in favor of Mover, the following described property, situated in the Parish of Livingston, State of Louisiana, commonly known as 8394 Rushing Road, Denham Springs, Louisiana 70726, as more described in Attachment A.

V.

In the Mortgage, XCEL confessed judgment upon the Promissory Notes in favor of Mover, and consented that if same were not paid in accordance with its stated terms and conditions and the stipulations of the act, then the property might be seized and sold under executory process to the highest bidder, for cash, without delays provided in Article 2639 of the *Louisiana Code of Civil Procedure*, all of which will more fully appear by reference to the certified copy of the Mortgage annexed hereto and made a part hereof.

VI.

The Notes are also secured by a Commercial Security Agreement executed by the Debtor on February 27, 2017, whereby Protocol Labs, Incorporated, pledged as collateral all equipment but not limited to "Beckman DxH600, Sysmex CA 620 and a Clinitek Advantus", some of which is located at 8394 Rushing Road, Denham Springs, Louisiana 70726. The original of said agreement, a certified copy of the UCC-1 are attached hereto and made apart hereof.

VII.

In the security agreement, the Debtor confessed judgment on the indebtedness and consented that if same was not paid in accordance with the terms of the note, and the security agreement, then the note would be accelerated and declared in default, and the collateral would seized and sold under executory process. In this agreement, the Debtor waived the three day notice of demand for payment required by CCP Art. 2639 and 2640. The original of this security agreement is attached hereto and made a part hereof, and all terms and conditions of this security agreement are plead herein as if copied in extenso.

VIII.

Under the terms of the Promissory Notes and Mortgage, Debtor further agreed to pay reasonable attorney's fees not to exceed 25% of the principal amount due in the event of suit.

IX.

When the Debtors defaulted on this obligation, Gulf Coast Bank and Trust accelerated the balance owed on the notes and demanded same from the defendants but to no avail. Thereafter, the petitioner caused a petition for executory process to be filed in the Parish of Livingston, *Gulf Coast Bank and Trust v. Protocol Labs, Incorporated, et al* case no. 160-318, and the immovable collateral was seized and sold at a sheriff's sale pursuant to a writ of seizure and sale. 8394 Rushing Road, Denham Springs, Louisiana was sold with benefit of appraisal on March 13, 2019, for a total of $200,000.00. A copy of the sheriff's deed is attached hereto and made apart hereof.

X.

At the time of sale, there remained due and owing unto Mover the following sums on the Promissory Note 1:

1. Principal in the amount of $300,000.00

2. Interest in the amount of $4,505.26 as of July 10, 2018, together with interest thereafter at the default rate of 21.00% per annum until paid

3. Late charges in the amount of $107.41

4. Attorney's fees in the amount of 25.00% of the principal amount due

5. All costs of these proceedings, including court costs and sheriff's costs

XI.

At the time of sale, there remained due and owing unto Mover the following sums on the Promissory Note 2:

1. Principal in the amount of $82,549.46

2. Interest in the amount of $788.07 as of July 10, 2018, together with interest thereafter at the default rate of 18.00% per annum until paid

3. Late charges in the amount of $191.13

4. Attorney's fees in the amount of 25.00% of the principal amount due

5. All costs of these proceedings, including court costs and sheriff's costs

XII.

At the time of Bankruptcy, the following amounts are owed on Note 1: Principal amount of $249,383.84; accrued interest in the amount of $12,913.30; costs in the amount of $485.50; and attorney's fees in the amount of $13,728.00.

XIII.

Gulf Coast Bank and Trust was the successful bidder on the immovable property. Gulf Coast Bank also holds a security interest in all of Debtor's equipment but not limited to "Beckman DxH600, Sysmex CA 620 and a Clinitek Advantus", some of which is located at 8394 Rushing Road, Denham Springs, Louisiana 70726. Mover is in first position to the three specific items, and second position behind the SBA on everything else.

XIV.

At the time of Bankruptcy, Mover was scheduled to do an eviction on July 18, 2019, in conjunction with the Sheriff of Livingston Parish at the Rushing Road property. This included that medical waste still stored in refrigerators in the form of vials of blood and medical records subject to HIPAA. There has been no electricity in the building for months. Mover wishes to simply discard the medical waste and records and have the stay lifted on the Beckman DxH600, Sysmex CA 620 and a Clinitek Advantus.

XV.

There is no equity in the property, and Mover seeks to simply discard medical waste. For these reasons, Gulf Coast Bank requests that this honorable court lift the stay to allow it to foreclose on its

collateral and discard the medical waste and medical records subject to HIPAA by a licensed professional as soon as possible.

                                      NEWMAN, MATHIS, BRADY & SPEDALE
                                      A Professional Law Corporation
                                      433 Metairie Road, Suite 600
                                      Metairie, Louisiana   70005
                                      Ph:  (504) 837-9040; Fax:  (504) 834-6452

                           By:   /s/ Wayne A. Maiorana, Jr.
                                   WAYNE A. MAIORANA JR.  (28133)